J-A26003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAWN MAURICE LOPER | |
| Appellant | No. 368 MDA 2017 |

Appeal from the Judgment of Sentence January 30, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004335-2015

BEFORE:  BOWES, OLSON, AND RANSOM, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 29, 2017**

Shawn Maurice Loper appeals from the judgment of sentence of twenty-four months probation imposed after the trial court found him guilty of impersonating a public servant.  We affirm.

The trial court set forth the pertinent facts as follows:

On April 15, 2015, at approximately noon, Trooper Michael Vaccaro of the Pennsylvania State Police was running radar on Interstate 83 in the vicinity of mile marker 11 in York County, Pennsylvania, when he clocked [Appellant], who was operating a white Chevy Impala traveling north, at 78 miles per hour in a properly posted 55 mile per hour zone.  A traffic stop was initiated by the Trooper.  Trooper Vaccaro testified that the Chevy Impala had heavily tinted windows and removable emergency lighting in the rear window and front windshield. Upon approaching the driver's side, Trooper Vaccaro observed [Appellant] wearing a silver "Special Police" badge. The Trooper advised [Appellant] of the reason for the stop and [Appellant] apologized indicating that he needed to get to his dentist appointment.

During the stop, Trooper Vaccaro asked [Appellant] for identification and [Appellant] supplied an identification card that indicated: Security Officers Management Branch, Special Police, Shawn M. Loper, District of Columbia Police Department; expiration date 1/2/15, with [Appellant's] photo. When asked about the expired identification card, [Appellant] responded[,] "That's fine, it's actually still good." [Appellant] was given a verbal warning and went on his way.

Subsequent to the stop, Trooper Vaccaro contacted [Washington D.C.] Metropolitan Police and was advised that [Appellant] was no longer a member of the Special Police and should have returned his badge. Sergeant Edward Gibson, Director of Security Officers [M]anagement Branch, Metropolitan Police Department testified that [Appellant's] license as a special police officer expired on October 31, 2014.

On April 15, 2015, at approximately 1:38 p.m., Trooper Patrick Kelly, of the Pennsylvania State Police, observed [Appellant] traveling south on Interstate 83, in the area of Shrewsbury, York County, in the left lane in violation of the law. A traffic stop ensued and upon approach to the driver's side of the vehicle, [Appellant] appeared agitated, stated to the Trooper that he did not understand why he was stopped, and indicated he performed the "same job" as Trooper. [Appellant] again provided Trooper [Kelly] with his identification from the Security Officers Management Branch. Throughout the exchange on the second stop . . . [Appellant] repeatedly stated "I'm legit, man – 100 percent. I am completely legit . . . I respect all officers – we're all doing the same thing." The Troopers confirmed by phone call that [Appellant] did not have a valid identification as a Special Police Officer and confiscated [Appellant's] identification card. [Appellant] was given a verbal warning for left lane violation and left the scene of the stop.

Trial Court Opinion, 3/3/17, at 1-4.

Based on the foregoing, Appellant was charged with impersonating a public servant. Following a bench trial, the trial court convicted Appellant of that crime. On January 30, 2017, Appellant was sentenced to twenty-four

months probation. He filed a timely post-sentence motion, which the trial court denied on February 16, 2017. Appellant filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The court authored a Rule 1925(a) opinion, and this matter is now ready for our review.

Appellant presents a single question for our review: "Was the evidence insufficient to support [Appellant's] conviction of impersonating a public servant where there was no evidence that [Appellant] ever asked anyone to do anything?" Appellant's brief at 3.

Appellant challenges the sufficiency of the evidence underlying his conviction for impersonating a public servant. We are guided by the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and

the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540-541 (Pa.Super. 2017) (citation omitted).

The Crimes Codes defines the offense of impersonating a public servant as follows: "A person commits a misdemeanor of the second degree if he falsely pretends to hold a position in the public service with the intent to induce another to submit to such pretended authority or otherwise to act in reliance upon that pretense to his prejudice." 18 Pa.C.S. § 4912. Further, a "public servant," is defined as: "[a]ny officer or employee of government, including members of the General Assembly and judges, and any person participating as juror, advisor, consultant or otherwise, in performing a governmental function; but the term does not include witnesses." 18 Pa.C.S. § 4501.

Appellant confines his challenge to the Commonwealth's purported failure to offer evidence that established the intent element of the offense. He maintains that "the Commonwealth adduced literally no evidence that [Appellant] evinced 'intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense to his prejudice.'" Appellant's brief at 7. He maintains that he did not initiate any conversation regarding the special police badge that he brandished around his neck, but merely responded to the trooper's questions regarding his

identification and credentials. Further, he maintains that he did not ask for special treatment, or in any way intend to obtain special treatment. Appellant concedes that he expressed to the officers that he did the "same job" as them, but contends that he made that statement out of "sheer frustration" because he "did not know why he was being pulled over and interrogated again[.]" Appellant's brief at 5. Thus, Appellant concludes, the evidence fails to support his conviction. We disagree.

The Commonwealth presented the following evidence at trial on December 9, 2016. On April 15, 2015, Trooper Vaccaro initiated a traffic stop of a white Chevy Impala, driven by Appellant, for traveling seventy-eight miles per hour in a fifty-five mile per hour zone. N.T. Bench Trial, 12/9/16, at 6-8. The vehicle had heavily tinted windows and detachable emergency lights. *Id*. at 7. Trooper Vaccaro observed Appellant wearing a silver special police badge around his neck. *Id*. at 8. The trooper requested identification, including the special identification card issued with the badge. *Id*. 10-11. After Appellant produced the special identification card, the trooper noted that it expired on January 2, 2015.[1] *Id*. at 13-15. When

_____

[1] Sergeant Edward Paul Gibson, Jr., Director of the Security Officers Management Branch of the Washington D.C. Metropolitan Police Department corroborated Trooper Vaccaro's testimony, and clarified that, despite the expiration date shown on Appellant's special police identification card, that card became invalid on October 31, 2014. N.T. Bench Trial, 12/9/16, at 43. He also noted that a database of current security license holders showed
*(Footnote Continued Next Page)*

questioned about the expiration date, Appellant responded, "Oh, no that's still good." *Id*. at 15. Trooper Vaccaro then issued a verbal warning. *Id*. at 19. Following the traffic stop, Trooper Vaccaro contacted the Washington D.C. Metropolitan Police Department who informed him that Appellant was no longer an active member of the department, and that his special identification card was expired. *Id*. at 21-23.

Trooper Patrick Kelly also offered testimony on behalf of the Commonwealth. Trooper Kelly indicated that, while patrolling Interstate 83 at approximately 1:38 p.m. on April 15, 2015, he received information from Trooper Vaccaro that a vehicle was traveling southbound, which Trooper Vaccaro had previously pulled over. *Id*. at 53-55. Shortly thereafter, the trooper observed the vehicle. *Id*. at 55. Trooper Kelly stated that the vehicle appeared to be a law enforcement vehicle since its windows were blacked-out, and it was equipped with an emergency light kit. *Id*. at 55-56. The trooper noted that the car was being operated in the left lane, despite the right lane being clear, and initiated a traffic stop. *Id*. at 56. Upon being stopped, Appellant appeared agitated, but was not wearing the special police badge at that time. *Id*. 57, 60. Trooper Kelly questioned Appellant about the special police badge, and requested to see his identification. *Id*. at 60.

*(Footnote Continued)* ─────────────

there was no record found regarding Appellant at the time of his traffic stop. *Id*. at 44.

Trooper Vaccaro, who was also present at the second traffic stop, indicated that Appellant expressed that he worked for the Federal government, but the trooper was unfamiliar with the acronyms of many of the agencies Appellant named. *Id*. at 28. Ultimately, Appellant was issued a warning.

We find that, when viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the Commonwealth offered sufficient evidence to support Appellant's conviction for impersonating a public servant. Instantly, we note that the trial court credited the testimony of the Commonwealth's witnesses. In any case, Appellant does not dispute the trial court's findings with regard to his statements or conduct during the two traffic stops, or the troopers' recounting of those events. Rather, he merely maintains that his conduct on April 15, 2015, was not intended to induce the troopers to give him special treatment. We are not convinced that, merely because Appellant did not expressly request special treatment, his conduct and behavior was not directed to that end.

Appellant, while traveling to a dentist appointment, openly displayed a special police badge to an officer after being stopped for a traffic infraction. This behavior evidenced an attempt to curry favor with the state police during the traffic stop. Appellant's conduct in this regard is especially suspect given his presumed awareness that his special police badge and identification card were expired. Moreover, Appellant made statements indicating that the expired license was "still good," and that he performed

the "same job" as the troopers. The reasonable inference from these statements, viewed in the light most favorable to the Commonwealth, established beyond a reasonable doubt that he wanted to ensure that the troopers were aware of his status as a fellow law enforcement officer, and that he was entitled to favorable treatment. As such, we find that the circumstantial evidence herein supports the inference that Appellant presented himself to Troopers Vacarro and Kelly as a public servant with the intent to induce them to act favorably on his behalf in reliance on that knowledge. 18 Pa.C.S. § 4912.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/17